UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CARLA ANN THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 20-cv-06974 |
| | ) | |
| v. | ) | |
| | ) | |
| TRUSTMARK RECOVERY SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | Jury Demanded |

## COMPLAINT

Plaintiff, Carla Thompson, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## STANDING

3. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

4. Specifically, Plaintiff suffered a concrete injury and harm to her reputation as a result of Defendant sharing of false information regarding an alleged debt with a third party. *Evans v. Portfolio Recovery Assocs., LLC*, 889 F.3d 337, 346 (7th Cir. 2018).

5. Plaintiff has thus suffered an injury as a result of Defendants' conduct, and suffered harm to her reputation, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

**PARTIES**

6. Plaintiff, Carla Thompson ("Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted St. Mary Medical Center account. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

7. Defendant Trustmark Recovery Services Inc. ("Trustmark") is a Indiana limited liability company. It is authorized to do business in Illinois. Its registered agent is Joseph Zacharias, 541 Otis Bowen Dr., Munster, IN 46321.

8. Trustmark is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts due or asserted to be due another.

9. Therefore, it is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

10. According to Defendant, Plaintiff incurred an alleged debt for goods and services used for personal family or household purposes, originally for a St. Mary Medical Center account ("alleged debt").

11. The debt is medical in nature.

12. The alleged debt is a "debt" as that term is defined at § 1692a(6) of the FDCPA.

13. Due to her financial circumstances, Plaintiff could not pay any debts and the alleged debt went into default.

14. Trustmark subsequently began collecting on the alleged debt.

15. Trustmark reported the alleged debt on Plaintiff's Trans Union credit report under account number 117176****, with a balance of $606. (Exhibit A, Excerpt of Trans Union credit report).

16. In response to collection attempts by Defendant, Plaintiff consulted with the attorneys at Community Lawyers Group, Ltd., who, on July 31, 2020, sent a letter to Trustmark via certified mail indicating that Plaintiff disputed the alleged debt. (Exhibit B, Dispute Letter).

17. Trustmark received Plaintiff's dispute on August 4, 2020.

18. Plaintiff's letter stated, in part, that the amount reported is not accurate.

19. A statement that "the amount reported is not accurate" evinces the intention to dispute the validity of at least a portion of the purported debt. *Evans*, 889 F.3d at 377. "There is simply no other way to interpret this language." *Id*.

20. Two weeks later, on August 19, 2020, Trustmark communicated credit information regarding the alleged debt to the TransUnion consumer reporting agency, including a balance, an account number and the date reported. (Exhibit C, Excerpt from Trans Union credit report).

21. In response to Plaintiff's dispute, Trustmark had decreased the balance of the alleged debt to $290.

22. But, Trustmark failed to communicate that Plaintiff's alleged debt was disputed.

23. Trustmark had been notified two weeks prior of Plaintiff's dispute.

24. Defendant had sufficient time to update their records, and did manage to adjust the balance of the alleged debt. *See Herbert v. Monterey Financial Services, Inc.*, 863 F. Supp. 76 (D. Conn. 1994) (holding that five days was enough time for a debt collector to update their records with information from a consumer's letter").

25. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

26. Defendant failed to communicate a dispute to the TransUnion credit reporting agency, in violation of 15 U.S.C. § 1692e(8), when it knew or should have known about the dispute and communicated other information regarding the alleged debt to TransUnion.

27. Trustmark communicated credit information which it knew or should have known to be false, in violation of 15 U.S.C § 16923e(8), when it communicated a false balance to TransUnion and Plaintiff.

28. Trustmark communicated a balance of $606 on June 22, 2020 to TransUnion. (Ex. A, June Trans Union).

29. On August 19, 2020, Trustmark communicated a balance of $290, a $316 decrease, to TransUnion. (Ex. C, August Trans Union)

30. Plaintiff had not made any payments on the alleged debt.

31. Either the credit information communicated to TransUnion in June—that the account balance was $606—or the credit information communicated to TransUnion in August—that the account balance was $290—was false; both amount cannot be correct as the account balance cannot *decrease* over time in the absence of any payments.

32. Trustmark misrepresented the amount of the alleged debt to the credit reporting agencies and to Plaintiff.

33. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (2) The false representation of—**
>
> **(A) the character, amount, or legal status of any debt. . .**

> **. . . (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

34. Trustmark misrepresented the amount of debt, in violation of 15 U.S.C. § 1692e and 1692e(2)(A), when it communicated varying balances on the same alleged debt to TransUnion.

35. The decreasing balance has the effect of making it appear that the Plaintiff has made a payment on the alleged debt when she has not.

36. Such phantom payment can result in the statute of limitations on alleged debt being reset to five years from the date of the supposed payment, instead of the date of the original missed payment, thereby extending the amount of time suit may be brought against a consumer.

37. The use of phantom payments is an unfair practice under the FDCPA.

38. 15 U.S.C. § 1692f of the FDCPA provides as follows:

> **Unfair practices**
>
> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. . . .**

39. Trustmark used unfair means to attempt to collect an alleged debt, in violation of 15 U.S.C. §1692f, when it decreased the balance on an alleged debt in the absence of any actual payment by Plaintiff.

40. Credit reporting by a debt collector constitutes an attempt to collect a debt. *E.g., Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder").

41. Trustmark materially lowered Plaintiff's credit score by failing to note Plaintiff's dispute.

42. A debt reported with no dispute results in a much lower credit score than a report of both the debt and the dispute. *Saunders v. Branch Banking and Trust Co. of VA*, 526 F. 3d 142, 146-47 (4th Cir. 2008).

43. Defendant's collection efforts, including the damage to Plaintiff's credit score, cause negative emotions including general annoyance, aggravation, and other garden variety emotional distress.

44. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I- FAIR DEBT COLLECTION PRACTICES ACT

45. Plaintiff re-alleges the paragraphs above as if set forth fully in this count.

46. Trustmark failed to communicate a dispute to the TransUnion credit reporting agency, in violation of 15 U.S.C. § 1692e(8), when it knew or should have known about the dispute and communicated other information regarding the alleged debt to TransUnion.

47. Trustmark falsely represented the balance of an alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(2)(A), when it communicated a false balance on an alleged debt to TransUnion and Plaintiff.

48. Trustmark used unfair means to attempt to collect an alleged debt, in violation of 15 U.S.C. §1692f, when it decreased the balance on an alleged debt in the absence of any actual payment by Plaintiff.

WHEREFORE, Plaintiff respectfully asks this Court enter judgment in Plaintiff's favor and against Defendant as follows:

    A.    Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

           Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    B.    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

    C.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/Michael Wood
One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
**Community Lawyers LLC**
20 N. Clark Street, Suite 3100
Chicago, IL 60602
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com